IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:21-MJ-161 |
| ) | Hon. Ivan D. Davis |
| MICHAEL THOMAS PRUDEN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO**
**GOVERNMENT'S MOTION FOR TEMPORARY STAY**

Michael Thomas Pruden, through counsel, respectfully submits this Opposition to the government's motion for temporary stay of this Court's Order of Release (ECF Doc. 14). A stay is not automatic, and this Court's reasoned conclusion that release conditions exists which can reasonably assure Mr. Pruden's appearance and the safety of the community was sound. Accordingly, the government's motion should be denied.

"A stay is an intrusion into the ordinary processes of administration and judicial review … and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427, 436 (2009) (listing four factors for consideration of whether to issue a stay).[1]

Here, these factors weigh firmly against the government's request. First, the government has not made a strong showing that it is likely to succeed on the merits. This Court carefully considered the evidence before it, including Mr. Pruden's lack of prior criminal convictions and

---

[1] When deciding a motion to stay, the Court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 436 (2009).

1

the existence of a stable residence and custodianship of his stepfather to whom he would be released, as well as the nature of the allegations against Mr. Pruden, in determining that the government had not met its heavy burden that detention was warranted in this "non-presumption" case.  Second, the government has not shown how it will be irreparably harmed absent a stay.  Indeed, it is Mr. Pruden who will be irreparably harmed if his release is delayed.  He has been in pretrial detention for nearly one week, and has not been able to take care of his finances and debts during this period of time.  Instead, he has been confined to his cell for approximately 23 hours per day.  Moreover, even if the government were to prevail in its appeal of this Court's Order of Release, Mr. Pruden will be under real-time electronic monitoring and confined to his parents' home, and can be directed to self-surrender to the Court should it be necessary for him to do so.

In short, in light of the evidence before the Court on the issue of pretrial release, Mr. Pruden's liberty interests should far outweigh the government's request to seek additional review.

For the foregoing reasons, the government cannot meet its burden to warrant a stay of the Court's Order of Release, and its motion for a stay should be denied.

Respectfully submitted,

Michael Thomas Pruden
By Counsel

_____/s/_____
Shannon S. Quill
Virginia Bar Number 76355
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0850 (T)
(703) 600-0880 (F)
Shannon_Quill@fd.org (email)

CERTIFICATE OF SERVICE

      I hereby certify that on May 13, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By Counsel

/s/
Shannon S. Quill
Virginia Bar Number 76355