IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-MJ-161 |
| MICHAEL THOMAS PRUDEN, | |
| Defendant. | |

**GOVERNMENT'S MOTION FOR REVOCATION
OF RELEASE ORDER AND REVIEW OF DETENTION**

The United States of America, by and through its attorneys, Raj Parekh, Acting United States Attorney, Christopher R. Cooke, Special Assistant United States Attorney, and Marc J. Birnbaum, Assistant United States Attorney, moves this Court, pursuant to 18 U.S.C. §§ 3142 and 3145(a)(1), for a review of the release order entered by Magistrate Judge Ivan D. Davis on May 12, 2021. The United States also asks the Court to revoke Judge Davis's release order and direct that the defendant, Michael Thomas Pruden, be detained pending trial.

**PROCEDURAL HISTORY**

On May 6, 2021, the United States charged the defendant by criminal complaint with assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). ECF No. 1. A warrant for the defendant's arrest issued that same day, ECF No. 5, and the defendant was arrested on May 7, 2021, *see* ECF No. 6.

On May 10, 2021, Magistrate Judge Davis held the defendant's initial appearance hearing. ECF No. 7. The United States sought a detention hearing based on its belief the defendant represents a danger to the community because of his conduct in the offense charged and other

similar conduct. *See id.* The United States believes that the defendant has assaulted numerous individuals on multiple occasions over several years at area parks.

Magistrate Judge Davis conducted the joint preliminary and detention hearing on May 12, 2021. ECF No. 13. At the hearing, the United States called one witness—United States Park Police Investigator David Wallingford—and moved two documents into evidence—Investigator Wallingford's affidavit in support of an arrest warrant, *see* Gov't Ex. 1, and a redacted set of three draft affidavits prepared by United States Park Police Investigator Robert Freeman, *see* Gov't Ex. 2. Investigator Freeman's draft affidavits describe his investigation into a series of assaults perpetrated in Meridian Hill Park in the District of Columbia over the past several years. The victims of these attacks positively identified the defendant as their attacker.

Magistrate Judge Davis found probable cause existed to believe the defendant committed assault with a dangerous weapon at Daingerfield Island as charged in the criminal complaint. As to detention, Magistrate Judge Davis noted it was a close call. He indicated the issue would be much clearer were there no evidence that the defendant had engaged in a series of assaults over a span of several years, especially given that the charge in this case does not give rise to a presumption of detention. Because it was a close case, and because there was no presumption in favor of detention, Magistrate Judge Davis opined that the presumption must be in favor of release and therefore ordered the defendant released under a set of strict conditions recommended by Pretrial Services. *See id.*; *see also* ECF No. 12 (Pretrial Services Bond Report).

The United States respectfully requested that Magistrate Judge Davis order a temporary stay so the United States could expeditiously exercise its right under 18 U.S.C. § 3145(a)(1) to seek review of his order of release in the District Court. Magistrate Judge Davis immediately stayed the order of release. *See* ECF No. 13; *see also* ECF No. 17.

## REVIEW OF DETENTION BY THE DISTRICT COURT

The United States seeks review of Magistrate Judge Davis's ruling pursuant to 18 U.S.C. § 3145(a)(1). This provision provides that a court with "original jurisdiction over the offense" may review the release order of a magistrate judge. 18 U.S.C. § 3145(a)(1). On review, the District Court acts *de novo* and makes an independent determination based on evidence presented to the magistrate judge and on additional evidence adduced before the district judge. *See United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989); *see also United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985).

## BASIS FOR DETENTION

Section 3142(g) mandates the factors that a judicial officer shall consider in determining whether pretrial detention is warranted. Here, each and every factor weighs in favor of detention because each and every factor indicates that no single condition or combination of conditions will cure the danger the defendant poses—and has posed for several years—to the community.

1.  <u>The nature and circumstance of the offense charged</u>.

The Court must first consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). The defendant is charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), which carries a maximum penalty of up to 10 years in prison. ECF No. 1. The evidence shows that the defendant sprayed two victims with pepper spray and struck one of those victims on the head multiple times with a tree branch. *See* ECF No. 2; Gov't Ex. 5, at 3. The defendant used such force that the branch broke on impact. *See id*. That victim was treated in an ambulance and then transported to the hospital for treatment for exposure to pepper spray and a laceration to his head. *Id.* Notably, the defendant attacked his victims in a national park, Daingerfield Island, in a setting where

unsuspecting victims would have no reason to believe that they would be subjected to a violent assault by the defendant, who emerged from the woods after apparently lying in wait to select his victims.

Critically, assault with a dangerous weapon is a crime of violence, and "[t]he conclusion that assault with a dangerous weapon is a crime of violence is bolstered by recent authority from the Fourth Circuit." *Martino v. United States*, No. 1:13-CR-350-2 (LMB), 2020 WL 3579548, at *4 (E.D. Va. July 1, 2020). While *Martino* dealt with assault with a dangerous weapon under 18 U.S.C. § 1959, rather than 18 U.S.C. § 113(a)(3), Judge Leonie M. Brinkema specifically noted, "[t]he Fourth Circuit has also cited approvingly a variety of other cases that 'reached similar conclusions in interpreting other assault statutes.'" *Id.* (quoting *United States v. Bryant*, 949 F.3d 168, 181 (4th Cir. 2020)). And among other cases, the Fourth Circuit cited approvingly to *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017), which dealt with 18 U.S.C. § 113(a)(3). Furthermore, Chief Judge Mark S. Davis found 18 U.S.C. § 113(a)(3) qualified as a crime of violence in *Ali v. United States*, No. 2:10CR56-2, 2019 WL 4261111, at *3 (E.D. Va. Sept. 5, 2019).

The fact that the defendant's offense constitutes a crime of violence weighs in favor of detention. *See, e.g.*, *United States v. Soza*, No. 1:12CR278 JCC, 2012 WL 3025137, at *1 (E.D. Va. July 20, 2012). And while any crime of violence alone would, by definition, reflect a danger to the community, that is especially true here where the defendant's actions occurred in a public park, involved two victims, and resulted in one victim's hospitalization.

2. <u>The weight of the evidence</u>.

The weight of the evidence against the defendant also points strongly in favor of detention. Both Magistrate Judge Nachmanoff, *see* ECF No. 5, and Magistrate Judge Davis, *see* ECF No. 13,

found probable cause to believe the defendant committed the charged offense. Those independent findings are buttressed by substantial evidence. As described in the affidavit filed in support of a criminal complaint and arrest warrant, the defendant's assault with a dangerous weapon on two victims was observed not only by the victims themselves, but also by an eyewitness. *See* Gov't Ex. 1. Each of the two victims described the violent attack and the physical characteristics of the attacker—the defendant—similarly, although the second victim did not witness his friend, the first victim, being struck by the defendant with a tree branch. *See, e.g.*, Gov't Ex. 5, at 3, 5. An eyewitness, however, did observe the defendant striking the first victim with the tree branch and otherwise described the attack and the attacker in detail consistent with descriptions provided by the victims. *See id.* at 3, 5; Gov't Ex. 1. A second witness observed the defendant after the attack with no shirt, consistent with the eyewitness's recollection that the defendant "removed his shirt and hat in the woods" after violently attacking the two victims. Gov't Ex. 5, at 4, 8. This second witness recorded the defendant's license plate number, which investigators used to obtain the defendant's information and driver's license photograph.

Once investigators identified the defendant using his vehicle information, they presented the victim who was hospitalized by the defendant's violent attack with a photograph array using a double-blind procedure. Under this procedure, the victim was shown six photographs sequentially, including five photographs of non-involved individuals and one photograph of the defendant. *See* Gov't Ex. 5, at 19–24. The individuals depicted in the photographs were not identified to the victim and the officer presenting the photo array did not know which of the depicted individuals was the suspect. The victim identified the defendant as the individual who had attacked him and his friend. *See id.* at 17–18, 20. When officers arrested the defendant at the elementary school where he works,

his vehicle was in the employee parking lot with a license plate bearing the number provided by the second witness at Daingerfield Island.

In sum, the great weight of the evidence, including eyewitness descriptions and a positive identification by the primary victim, militates in favor of detention.

3. The history and characteristics of the defendant.

The defendant has no prior arrests and only one theft charge, over two decades ago, that was dismissed. *See* ECF No. 12 (Pretrial Services Report). He is currently a fourth-grade teacher at an elementary school in Maryland. He has no stable residence and, instead, according to his interview with Pretrial Services, alternates between sleeping in his vehicle, in a storage unit, and with friends.[1] *Id.*

The critical facts here, however, relate to the defendant's series of assaults against victims in parks. The United States understands that, over the past several years, several individuals were attacked in Meridian Hill Park in the District of Columbia. Those assaults involved conduct substantially similar to what the defendant did in the Eastern District of Virginia. In the D.C. cases, each of the victims was attacked with pepper spray, some victims were struck with a flashlight (as opposed to a tree limb at Dangerfield Island), and the attacker often claimed to be a police officer. After the victim in Alexandria positively identified the defendant as his attacker, investigators met with three known Meridian Hill victims who also positively identified the defendant as their attacker. *See* Gov't Ex. 2. Furthermore, after police released a public bulletin seeking information about attacks in Meridian Hill, investigators received a call from a fourth D.C. victim. Importantly,

---

[1] The United States focuses primarily on the danger the defendant poses to the community because that risk underlies the United States' decision to recommend pretrial detention. It is worth noting, however, that the defendant's lack of a stable residence, his apparent lack of familial ties to the community, his extensive international travel, and the prospect of being released into the custody of a third party who resides over three hours away from the Court are all factors that raise legitimate concerns regarding the likelihood of the defendant's appearance at future proceedings.

that bulletin did not disclose any information or include any physical descriptions of the defendant. *See* Gov't Ex. 4. This fourth D.C. victim, who called investigators in response to the bulletin, also positively identified the defendant from the photograph array. *See* Gov't Ex. 3.

In total, including the victim in the Daingerfield Island case, five victims have positively identified the defendant as the person who violently attacked them in a public park using a dangerous weapon. These attacks occurred in March 2020, June 2020, February 2021, and March 2021. The two most recent attacks occurred in March 2021, within five days of each other.

While the defendant may have no prior arrests, at this juncture, it is clear that is only because he has thus far successfully evaded detection by law enforcement. "There is only one charged offense and Defendant has not been charged with additional crimes in the last year. However, a cloud of substantial illegal activity surrounds Defendant." *United States v. Pena-Torres*, No. 1:14MJ414, 2014 WL 4546799, at *4 (E.D. Va. Sept. 12, 2014).

4. <u>The nature and seriousness of the danger to the community</u>.

As additional information becomes available, it is increasingly clear that the defendant is a serial predator, who has preyed on unsuspecting and vulnerable victims in public parks over the past several years. The defendant's modus operandi demonstrates a calculated and intentional approach to carrying out premeditated attacks on carefully selected victims. These are not isolated events. This is an ongoing course of conduct. The defendant's crimes of violence reflect a deep-seated desire to do physical harm to individuals and the community in general. And the defendant's serial attacks are all the more concerning given his sensitive position of trust as a fourth-grade teacher.

Under these circumstances, the United States respectfully submits there is no single condition or combination of conditions that will ensure the defendant does not engage in similar

7

conduct during the pretrial period, whether the defendant is ordered to remain in Northern Virginia or is released to a custodian who resides over three hours away from the site of these proceedings.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court issue an order revoking Magistrate Judge Davis's release order. The United States submits that clear and convincing evidence establishes that the continued detention of the defendant pending trial in this matter is the only reasonable condition to assure the safety of others.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

                        /s/

Christopher R. Cooke
Special Assistant United States Attorney
Marc J. Birnbaum
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:   (703) 299-3700
Fax:      (703) 299-3980
Email:   Christopher.Cooke@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 14, 2021, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

By:   /s/
Christopher R. Cooke
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:  (703) 299-3700
Fax:   (703) 299-3980
Email:  Christopher.Cooke@usdoj.gov