IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America** ) | |
| ) | No. 21-mj-161 |
| **v.** ) | |
| ) | |
| **Michael Thomas Pruden,** ) | |
| ) | |
| Defendant. ) | |

### DEFENSE RESPONSE TO GOVERNMENT'S APPEAL OF DECISION GRANTING PRETRIAL RELEASE

Defendant Michael Thomas Pruden respectfully requests that this Court affirm the order granting Mr. Pruden's pretrial release. The release order appropriately balances the concerns of the Bail Reform Act, 18 U.S.C. § 3142: Mr. Pruden has no prior criminal record and has a stable residence and suitable custodian – his stepfather – to whom he will be released. Furthermore, upon release, Mr. Pruden will be subject to electronic, real-time monitoring. There is no presumption in favor of detention in this case, and given Mr. Pruden's lack of prior record and the existence of stringent conditions of release, the Magistrate Judge's order of release was sound and in accordance with the Bail Reform Act.

The applicable legal standard favors release. *See* 18 U.S.C. § 3142. That is, the operative legal presumption in this case is *in favor of release*.[1] *See, e.g., United States v. Sabhnani*, 493 F.3d 63, 78 (2d Cir. 2007). Consequently, the government

---

[1] The charges do not trigger § 3142(e)'s presumption against release.

bears the burden of proof in overcoming this presumption. The government cannot meet its burden by merely pointing to the nature of the charges against a defendant. *See, e.g.*, *United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005) (serious charges not alone sufficient to justify detention).

## I.  Legal Standard

As the Supreme Court has emphasized, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, the Bail Reform Act (specifically, 18 U.S.C. §§ 3142(a) and (b)) requires that a person charged with an offense be released on personal recognizance or upon execution of an unsecured bond unless further conditions are necessary to reasonably assure attendance at trial and the safety of the community.

Under circumstances in which a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B).

Where the question of pretrial detention turns on the safety-of-the-community prong of the Bail Reform Act, a court may order pretrial detention only upon finding facts establishing a danger to the community by "clear and convincing" evidence. 18 U.S.C. § 3142(f). The Act permits pretrial detention only if no condition or combination of conditions exists that would provide that reasonable

assurance. 18 U.S.C. § 3142(e). The sole exception to the presumption in favor of release is the list of so-called "presumption" offenses, which this case does not involve.

### II. Argument

The government has not met its heavy burden to establish that no condition or combination of conditions exists that will reasonably assure the safety of the community or Mr. Pruden's appearance. Mr. Pruden is a 47 year old man with no prior criminal record who was born and raised in Norfolk, Virginia. He is college-educated, with a degree in Education, and was recently working in Fort Washington, Maryland. His mother and stepfather are longtime residents of Norfolk – which is within the Eastern District of Virginia – and his stepfather was deemed a suitable third party custodian by Pretrial Services. Magistrate Judge Davis released Mr. Pruden to reside with his stepfather and mother in their residence in Norfolk, subject to electronic monitoring and home detention, and further required that he submit to a mental health assessment and treatment as directed.[2] These stringent conditions are sufficient to reasonably assure the safety of the community.

The government focuses on the nature of the allegations in arguing that Mr. Pruden presents a risk of danger to the community. Evan when taken as true for purposes of this stage of the proceedings, the alleged assault did not involve

---

[2] Mr. Pruden recognizes that he would not be able to return to his previous employment with Prince George's County Schools.

significant injury. Nor did any of the alleged incidents in the District of Columbia, upon which the government also relies. There is simply no evidence before the Court indicating that Mr. Pruden will fail to comply with the stringent release conditions ordered by Magistrate Judge Davis. Indeed, the opposite is true. His lack of prior record, his educational achievements and the stable residence of his parents to which he will be largely confined are significant evidence in support of release.

The cases cited by the government to support its request to overturn the Magistrate Judge's decision are inapposite and involve far different charged conduct. Moreover, each was an appeal of Magistrate Judge's *denial* of release, not a grant of release, as in true here. In *United States v. Pena Torres*, the Court affirmed the Magistrate Judge's denial of release for a defendant charged with selling a firearm with an obliterated serial number – at the same time that he sold cocaine. 2014 WL 4546799 (E.D. Va. Sept. 12, 2014). That defendant was also not a U.S. citizen, but a legal permanent resident, and thus faced the prospect of removal after conviction. *See id.* at 3.

In *United States v. Soza*, also involving an appeal of the Magistrate Judge's denial of release, the defendant was charged with enticement of a minor to engage in sexual activity and production of child pornography, in connection with his travel to Canada to have sex with a minor. 2012 WL 3025137 (E.D. Va. July 20, 2012). The alleged conduct at issue in *Soza* was far more serious than the allegations against Mr. Pruden.

Nor is this a case such as *United States v. Mallory*, 1:17-CR-154 (TSE), in which this Court revoked an order of release issued by the Magistrate Judge. That case involved a defendant charged with espionage and selling confidential, secret information to a foreign nation, threatening the national security of the United States as a whole and its entire citizenry. *See id.*, ECF Doc. 26 (July 7, 2107), Order granting government's motion to revoke pretrial bond.

In sum, the government carries the burden of overcoming § 3142's presumption in favor of release, and has offered only conjecture to suggest that Mr. Pruden will flout the conditions of release imposed by the Magistrate Judge. Upon release, Mr. Pruden will be on electronic monitoring, providing Pretrial Services real-time updates on his whereabouts. Not only does this allow Pretrial Services to track a defendant's movements and whereabouts, it provides a powerful deterrent, and is more than sufficient to ensure the safety of the community. *See, e.g., United States v. Sanchez-Martinez*, No. 13-CR-236, 2013 WL 3662871, at *5 (D. Colo. July 12, 2013) ("the court must resolve all doubts regarding the propriety of release in the defendant's favor").

Accordingly, for the foregoing reasons, the government's motion to revoke the release order issued by the Magistrate Judge should be denied.

Respectfully submitted,

MICHAEL THOMAS PRUDEN

By counsel,

By: /s/ Shannon S. Quill
Shannon S. Quill
Va. Bar No. 76355
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0850
703-600-0880 (fax)
Shannon_Quill@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed on May 19, 2021 with the Clerk of the Court via the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/
Shannon S. Quill

6