# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | No. 1:21-CR-131 |
| ) | Hon. Claude M. Hilton |
| MICHAEL THOMAS PRUDEN,   ) | |
| ) | |
| Defendant.      ) | |

## MOTION TO SUPPRESS EVIDENCE FROM CELL PHONE SEARCH

Defendant Michael Pruden moves to suppress any and all evidence obtained from a search of a cell phone in Mr. Pruden's possession at the time of arrest on May 7, 2021.[1] Mr. Pruden separately filed a motion to suppress evidence obtained from a search of his apartment, which will be heard by this Court on Friday, July 30, 2021.[2]

While these two motions to suppress pertain to different search warrants, one obtained from the U.S. District Court for the District of Maryland (apartment search) and one obtained from U.S. District Court for the District of Columbia (cell phone search), the warrant applications are largely the same in their description of the evidence relied upon by the U.S. Park Police to establish probable cause to conduct the respective searches.

Like the search warrant for Mr. Pruden's apartment, the cell phone search warrant is overbroad and lacks probable cause to justify the search of the cell phone and therefore violates

---

[1] On July 11, 2021, Mr. Pruden filed a motion to suppress evidence from the search of his apartment. *See* ECF Doc. 35. As noted in that motion, the government had not yet obtained and had not yet produced the search warrant for the cell phone at the time of the motion deadline set by this Court. The government finally produced the cell phone search warrant to the defense on July 27, 2021. Mr. Pruden now submits this additional motion to suppress any and all evidence from the search of the seized cell phone.

[2] Mr. Pruden is filing this additional motion before the July 30, 2021 motions hearing in the event that the Court wishes to consider the motion at that hearing, given the similarities in the arguments made in both motions to suppress.

the Fourth Amendment. The warrant application presented no evidence that Mr. Pruden was in possession of a cell phone on the date of the alleged Daingerfield Island assault on March 21, 2021, or any assault alleged to have occurred in Meridian Hill Park in Washington D.C. Nor is there any evidence or allegation that a phone was used during the commission of any of the alleged assaults, on Daingerfield Island or Meridian Hill Park. Instead, the warrant application contains generic statements as to the Park Police investigator's "training and experience" that people who commit crimes have cell phones and use their phones in ways that create evidence of their commission of crimes. This simply cannot be all that the Fourth Amendment requires to allow law enforcement to gain access to an individual's cell phone, given the wealth and breadth of information such devices can contain and the privacy interests at stake. *See United States v. Griffith*, 867 F.3d 1265, 1271 (D.C. Cir. 2017) ("probable cause to arrest a person will not itself justify a warrant to search his property").

Indeed, as the Supreme Court expressed recognized in *Riley v. California*, cell phones are different. 573 U.S. 373, 393-96 (2014). Given the enormity of the information available on cell phones and the privacy interests at stake, authorizations to search such devices must be carefully scrutinized. *See id*. Here, the investigator's probable cause basis for searching Mr. Pruden's phone amounted to little more than a guess that there would be incriminating information on the cell phone seized from Mr. Pruden merely because cell phones contain such an immense amount of data. Under the Fourth Amendment's protections, such a warrant and such a search cannot stand.

For all of these reasons, any and all evidence obtained from the search of Mr. Pruden's cell phone must be suppressed.

Respectfully submitted,

MICHAEL THOMAS PRUDEN

By Counsel

/s/
Shannon S. Quill, Esq.
Va. Bar No. 76355
Assistant Federal Public Defender
Counsel for Mr. Pruden
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
(703) 600-0880 (fax)
Shannon_Quill@fd.org

## CERTIFICATE OF SERVICE

I certify that on July 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends a notification of such filing to all counsel of record.

Christopher Cooke
Special Assistant United States Attorney
2100 Jamieson Ave
Alexandria, VA 22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to chambers within one business day of the electronic filing.

/s/
Shannon S. Quill
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
(703) 600-0880 (fax)
Shannon_Quill@fd.org

3