**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-131 |
| | ) | |
| MICHAEL THOMAS PRUDEN, | ) | Honorable Claude M. Hilton |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY**
**PROFFERED IN GOVERNMENT'S JULY 21, 2021 NOTICE**

The defendant, Michael Thomas Pruden, by counsel, moves this Court to exclude

evidence proffered by the government in its July 21, 2021 Notice (ECF Doc. 39), concerning 5

entirely separate assaults that took place outside of this district in Washington D.C. on separate

days, some as far back as 2018, for which Mr. Pruden has not been charged. Such evidence is

objectionable on multiple grounds, including Federal Rules of Evidence 404(b) and 403, and if

permitted, would effectively necessitate 6 separate mini-trials before this Court, rather than the

single assault on Daingerfield Island with which Mr. Pruden has been charged.

## BACKGROUND

Mr. Pruden stands charged with one count of assault with a dangerous weapon in

violation of 18 U.S.C. § 113(a)(3). He is alleged to have assaulted an individual with a stick and

pepper spray on Daingerfield Island in Alexandria, Virginia on March 21, 2021. According to its

July 21 notice, however, the government seeks to introduce evidence regarding multiple

unadjudicated incidents in Meridian Hill Park in Washington D.C.:

(1)     The testimony of a U.S. Park Police investigator regarding the investigation into

a series of alleged assaults in Meridian Hill Park in the District of Columbia from 2018 through

2021, in which the assailant allegedly used the same or similar *modus operandi* as the alleged

1

assault on Daingerfield Island, including that 5 individuals identified Mr. Pruden as the assailant when presented a photo array by police; and

(2)     The testimony of "N.S.," the complaining witness in one of the alleged Meridian Hill Park assaults, that he was assaulted in a substantially similar manner as the complaining witnesses in the instant offense, and that he later identified his assailant as Mr. Pruden when presented a photo array.

As an initial matter, the proffered testimony from the Park Police investigator violates the Confrontation Clause and constitutes impermissible hearsay.  Additionally, the proffered testimony from both the Park Police investigator as well as N.S. constitutes impermissible and highly prejudicial propensity evidence and is inadmissible under Federal Rules of Evidence 401, 403 and 404(b).  The practical effect of permitting the government to introduce this evidence is to try Mr. Pruden several times over for uncharged conduct occurring in an entirely different jurisdiction, rather than focusing on the single alleged incident on Daingerfield Island. The probative value of this evidence is minimal compared to the risk it poses of prolonging the trial, confusing the jury, and overwhelming the evidence of the actual offense for which Mr. Pruden is being prosecuted.  The prejudicial nature of this evidence is only underscored by a recent attack in Meridian Hill Park in July 2021, when Mr. Pruden was two hundred miles away in Norfolk, Virginia under house arrest imposed by this Court.

## ARGUMENT

I.     **The Proffered Park Police Testimony Is Hearsay And Violates The Confrontation Clause**

Separate and apart from objections under Rules 404 and 403, the proffered testimony by the U.S. Park Police investigator regarding out-of-court identifications made by several assault

victims in Washington D.C. constitutes impermissible hearsay and violates the Confrontation

Clause of the Sixth Amendment.

The Confrontation Clause of the Sixth Amendment guarantees that, "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against

him." U.S. Const. amend. VI. In *Crawford v. Washington*, the Supreme Court held that the

Sixth Amendment prohibits the admission of "testimonial statements" of a declarant who does

not appear at trial unless (1) the declarant is unavailable to testify, *and* (2) the defendant had had

a prior opportunity for cross-examination. 541 U.S. 36, 53-54 (2004) (emphasis added). Out-of-

court identifications made by a declarant to police investigators are testimonial in nature, and

therefore *Crawford's* holding applies. *See United States v. Rodriguez-Martinez*, 480 F.3d 303,

308 (5th Cir. 2007) (admission of out-of-court identification of a non-testifying declarant violated

the Confrontation Clause and was not harmless).

In addition to the Confrontation Clause violation, the investigator's proposed testimony

regarding 5 out-of-court identifications by 5 different declarants also constitutes impermissible

hearsay. Federal Rule of Evidence 801(d)(1)(C) expressly addresses when out-of-court

identifications are admissible and, like the Confrontation Clause, requires that the declarant

testify at trial and be subject to cross-examination. Accordingly, under both the Confrontation

Clause and Rule 801, the Park Police investigator may not testify regarding out-of-court

identifications by any individual unless that individual testifies and is subject to cross-

examination. Moreover, even where the declarant of an out-of-court identification testifies and,

therefore, is subject to cross-examination, the declarant's prior out-of-court identification must

3

be reliable in order to be properly admitted.[1]  *See United States v. Saunders*, 6501 F.3d 384, 390-

91 (4th Cir. 2007).  Only under such narrow circumstances may the Park Police investigator

testify regarding any out-of-court identifications made by witnesses in the Meridian Hill Park

assaults.

II.      **The Prior Incidents and Allegations Are Not Permissible "Other Acts" Evidence
         And Instead Constitute Inadmissible Propensity Evidence.**

In its Notice, the government asserts that evidence of the Meridian Hill Park assaults is

admissible under Federal Rule of Evidence 404(b) to prove intent, plan and absence of mistake

or accident with respect to the Daingerfield Island incident.  As a general matter, evidence of

prior bad acts is inadmissible to "prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This

evidence may be admissible, however, for such limited purposes as proving intent, motive, or

identity. Fed. R. Evid. 404(b)(2). The party seeking admission of other crimes evidence, here, the

government, bears the burden of "establishing that evidence of a defendant's prior bad acts is

admissible for a proper purpose." *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017). Next,

the government must prove that the probative value of the evidence is not "substantially

outweighed by the danger of unfair prejudice to the defendant." *Id.*

The Fourth Circuit has developed a test to determine when evidence of prior acts is

admissible. *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). The evidence must:

(1) be relevant to an issue, and not offered to establish the character of the defendant;
(2) be necessary or probative of an "essential claim or an element of the offense;"
(3) be reliable;
(4) have probative value not "substantially outweighed by confusion or unfair prejudice
in the sense that it tends to subordinate reason to emotion in the factfinding process." *Id.*

---

[1] Significant questions exist regarding the reliability of the photo array procedure that Park Police
used with the Meridian Hill Park witnesses.

4

Applying the *Queen* factors here, the probative value of the Meridian Hill Park assaults –

which occurred at a different location, in a different jurisdiction, on different dates than the

assault alleged in this Court – is more than substantially outweighed by the danger of unfair

prejudice and must be excluded.

### A. The Meridian Hill Incidents Are Not Relevant Or Probative Of The Daingerfield Island Incident

(1) *Intent/Identity*. With respect to relevance and the probative nature of the evidence,

there are critical differences between the Meridian Hill Park assaults, which occurred in 2018,

2020 and 2021, and the incident at Daingerfield Island on March 21, 2021 – differences which

preclude a finding that the former are probative of the latter. *See Queen,* 132 F.3d at 997 (the

more similar the prior act is in terms of physical similarity or mental state, the more relevant the

prior act evidence becomes).

First and foremost is the fact that an assault occurred two weeks ago at Meridian Hill

Park, when Mr. Pruden was at his parents' residence in Norfolk, Virginia, under house arrest and

on electronic, GPS monitoring. This recent incident, for which Mr. Pruden has a clear alibi,

completely upends the government's entire premise for offering the "other acts" evidence – that

Mr. Pruden committed a series of assaults in Meridian Hill similar to the incident on

Daingerfield Island.

There are additional key differences among the Meridian Hill Park incidents themselves:

at least 2 complainants identified the assailant as a White male, while other victims reported the

assailant's race as African American. The government seeks to admit evidence only of those

assaults where an African American assailant was identified, which only undermines the

evidence's relevance to the charged assault here. Furthermore, the Meridian Hill complainants

also reported significantly different ages of their assailant, ranging from late 20s to 60 years old.

Indeed, one complainant reported witnessing an assault where the assailant was in his late 20s or 30s, and weeks later, that very same complainant reported being directly assaulted by an assailant who was 60 years old.[2]  Taken together, the significant differences among the Meridian Hill Park incidents preclude a finding that they are sufficiently similar to the incident to Daingerfield Island to be admitted under Rule 404(b).

Second, there are significant differences between the various incidents in Meridian Hill Park, which occurred over the course of several years, and the lone incident in Daingerfield Island with which Mr. Pruden has been charged – specifically, the time and nature of the interaction between the assailant and complainant.  While the government will likely frame the incidents as similar based on the allegation of the use of pepper spray (and, on occasion, the assailant identifying himself as a police officer), the Meridian Hill Park assaults all took place late at night, whereas the Daingerfield Island incident is alleged to have occurred in the middle of the afternoon in full daylight.  The time of day is a key difference between the incidents in that, according to discovery provided by the government, the assailant in the Meridian Hill Park assaults informed people before spraying them that the park was closed, and they should leave. There is no similar accusation regarding the Daingerfield Island incident.

With such drastic differences in the time of day, location and nature of the interaction, the incidents do not share the level of similarity necessary to prove modus operandi, intent or identity of the defendant. *See United States v. Torrez*, 869 F.3d 291, 302 (4th Cir. 2017) (stating that prior acts need not be identical, but they must be "similar enough to be probative of intent").

---

[2] From most recent communications with the government, the government may call this witness rather than N.S., who is identified in its Notice of Other Evidence.

(2) *Plan/Preparation*.  The government also suggests that evidence of the Meridian Hill Park incidents should be admitted to show Mr. Pruden's plan and preparation for the alleged Daingerfield Island assault.  Even assuming that sufficient similarities existed between the Meridian Hill and Dangerfield Island incidents, such similarities alone are not enough to show that the Daingerfield Island incident was part of an underlying plan.  Mere commonality is insufficient to show plan or preparation; there must be a showing that the prior acts served an overarching purpose in a plan or preparation of the charged offense.  For example, in *United States v. Goodson*, the Court permitted prior acts evidence through the testimony of a jailhouse informant, who testified that the defendant had admitted to committing armed robbery, and that he had "learned lessons from his mistakes during [a] previous robbery." *United States v. Goodson*, 319 F.App'x 222, 225 (4th Cir. 2009). The district court found that this evidence was relevant to the defendant's preparation, and "completed the story" as to how the prior acts led to the commission of the instant offense. *Id*. at 225.

In this case, evidence about the alleged Meridian Hill Park incidents, inconsistent and disputed as it is, does not shed light on any plan by Mr. Pruden to commit assault on Daingerfield Island.  There is no allegation that Mr. Pruden committed the Meridian Hill Park assaults as 'practice' for the Daingerfield Island assault.  Merely offering evidence that similar events occurred is not enough to show that there a common plan behind all of them.  The government bears the burden of proving their evidentiary hypothesis, and they have not done so here.

(3) *Lack of Accident/Mistake*.  Nor is this a situation where lack of accident or absence of mistake is at issue to support the admission of evidence of the Meridian Hill assaults.  *See United*

*States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) (overruling district court's admission of

other acts evidence on "absence of mistake" basis where mistake was not at issue).

> **B. The prior incidents and allegations are not necessary to prove an "essential claim of the offense."**

Nor is evidence of the Meridian Hill incidents necessary to the government's case against

Mr. Pruden in this Court.  Evidence is necessary where, "considered in light of other evidence

available to the government," it is an "essential part of the crimes on trial, or where it furnishes

part of the context of the crime." *Queen*, 132 F.3d at 998.  To prove that Mr. Pruden violated 18

U.S.C. § 113(a)(3), the government must show that he committed "assault with a dangerous

weapon, with intent to do bodily harm." 18 U.S.C. § 113(a)(3). As argued in Section I, the

Meridian Hill Park evidence is irrelevant to proving intent, but even if it were, it is unnecessary

in this case.

In *Queen*, prior act evidence of witness tampering was deemed necessary to the

government's case because the sole evidence the Government had of intent was an un-witnessed

conversation between the defendant and the complaining witness, and the testimony of one

additional witness. *See id*. at 998. To prove the requisite element of intent, the Government

needed to rely on prior similar acts of the defendant. That is not the case here. The alleged

assault on Daingerfield Island occurred during the day, in a public setting, and was witnessed by

more than one person.  *See* ECF Doc. 2, Gov't Aff. 2–3.  Unlike in *Queen*, where the conduct at

issue occurred in private, between just the defendant and the complaining witness, the

government in this case has multiple witness accounts on which to rely in trying to prove the

elements of the charged crime.  Including evidence of the Meridian Hill Park incidents is

unnecessary in this case.

**C.  Evidence of the prior incidents and allegations is more prejudicial than probative.**

Finally, even if evidence surrounding the prior alleged acts were relevant and necessary

for purposes of Rule 404(b), the evidence is far more prejudicial than probative. Evidence that

might otherwise be relevant may be excluded if "its probative value is substantially outweighed

by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.   As one court

in this district has stated in excluding prejudicial prior acts evidence, it is necessary to "avoid

having evidence concerning defendant's prior conduct consume the lion's share of the trial,"

thereby confusing the issue before the jury and causing it to engage in improper, even emotional

decision making. *United States v. Zeleke*, 811 F. Supp. 2d 1232, 1239-40 (E.D. Va. 2011) (Ellis,

J.)

Mr. Pruden is charged with one count of assault in Virginia, yet the government seeks to

introduce evidence of several other alleged acts occurring in Washington, D.C.  There is a

substantial danger that the alleged Meridian Hill Park assaults, and the need for Mr. Pruden to

defend against the uncharged incidents, will overwhelm evidence of the actual offense for which

Mr. Pruden is on trial, thereby confusing the jury about the single issue before it.  Moreover,

allowing the government to pick and choose certain Meridian Hill incidents which fit its theory,

despite the clear evidence of another assailant, is untenable and is not what Rule 404(b) was

intended to permit.

There is also a substantial danger that repeated evidence of other alleged assaults will

unfairly prejudice the jury against Mr. Pruden and "suggest decision on an improper basis" rather

than reasoned evaluation of the facts and the law.  Fed. R. Evid. 403, Notes of Advisory

Committee on Proposed Rules. The question before the jury is: did Mr. Pruden commit an

9

assault with a dangerous weapon on March 21, 2021?  Evidence about the alleged Meridian Hill

Park assaults distracts from this question and serves only to paint Mr. Pruden as a repeat offender

with a predisposition towards criminal behavior.

The distinction between use of the Meridian Hill Park evidence to prove a 404(b)(2)

purpose, and its use as propensity evidence is illusory at best. Character evidence is destabilizing

to the integrity of the trial process because it "bleed[s], in the sense that "bad people" may be

presumed . . . to commit no end of criminal acts." *United States v. Briley*, 770 F.3d 267, 277 (4th

Cir. 2014).  The "other acts" evidence which the government views as helpful to its case is

highly inflammatory because it suggests to the jury a predisposition on the part of Mr. Pruden to

commit such acts regardless of the strength of the government's evidence of the charged offense.

It is precisely this type of propensity evidence against which Rule 404(b) protects.  Because the

evidence regarding the Meridian Hill assaults is far more prejudicial than probative, it must be

excluded at trial.

## CONCLUSION

For all of these reasons, the evidence proffered by the government regarding the alleged

Meridian Hill Park assaults must be excluded at trial.

> Respectfully submitted,
>
> MICHAEL THOMAS PRUDEN
>
> By:          /s/
> Shannon S. Quill, Esq., # 76355
> Counsel for Mr. Pruden
> Office of the Federal Public Defender
> 1650 King Street, Suite 500
> Alexandria, VA 22314
> (703) 600-0800 (telephone)
> (703) 600-0880 (facsimile)
> Shannon_Quill@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2021, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

/s/
_____
Shannon S. Quill, Esq.
Va Bar. 76355
Counsel for M. Pruden
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
Shannon_Quill@fd.org