IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 1:21-cr-131 |
| ) | |
| MICHAEL THOMAS PRUDEN,    ) | The Hon. Claude M. Hilton |
| ) | |
| Defendant.    ) | Trial: August 11, 2021 |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* TO PRECLUDE CERTAIN GOVERNMENT EXHIBITS**

The defendant is charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). On Sunday, March 21, 2021, R.S. and T.B.[1] were walking along Daingerfield Island's trail system when they encountered the defendant. The defendant falsely stated he was a police officer, imitated speaking into a police radio, and then sprayed R.S. and T.B. with pepper spray and beat R.S. over the head and back with a tree branch until it broke. *See* ECF No. 2, at 2–3.

1. **Gov't Exhibits 3 & 4: The 911 calls contain nontestimonial excited utterances and present sense impressions.**

Shortly after R.S. and T.B. were assaulted, T.B. called 911 to report the crime. When the call disconnected, T.B. called back to continue providing information. On those calls, T.B. told first responders that R.S. needed a medic, provided R.S. and T.B.'s location, and described the assailant so that police could find him if they arrived before he fled the park. R.S. also spoke on the call and described his assailant, the attack, and his injuries. The United States seeks to introduce these calls as evidence of the pain that the defendant's weapons caused the victims and to corroborate the testimony R.S. will provide at trial. As noted in the United States' Motion For

---

[1] Victims and witnesses involved in this incident are being referred to by their initials to protect their identities.

Permission to Publish Exhibits and Use Electronic Devices, ECF No. 47 at 1, the United States intends to play only short clips of each call during trial, so that R.S. can identity the speakers.

The defendant asserts that these 911 calls are inadmissible hearsay and that the admission of these calls would violate the Confrontation Clause. Def. Mot., ECF No. 60 at 1-2. The excited utterance exception to the hearsay rule permits "statement[s] relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). A statement qualifies as an excited utterance if the declarant (1) experienced a startling event or condition and (2) reacted with spontaneity, excitement, or impulse rather than the product of reflection and fabrication. *See Morgan v. Foretich,* 846 F.2d 941, 947 (4th Cir.1988). 911 calls in particular are admissible when the declarant makes statements under the stress of excitement caused by witnessing a crime. *See United States v. Boyd*, 237 F. App'x 892, 893 (4th Cir. 2007) (admitting statements on 911 call made immediately after a witness heard shots fired).

The Confrontation Clause prohibits the government from introducing "testimonial" hearsay "unless the witness who made the out-of-court statement was unavailable and previously had been subjected to cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004). But 911 calls are "clearly non-testimonial" when the primary purpose of the call is to attempt to secure emergency services from the police. *United States v. Laudermilt*, 576 F. App'x 177, 180 (4th Cir. 2014) (citing *Davis v. Washington*, 547 U.S. 813, 822 (2006).

The statements on the 911 calls are admissible under the excited utterance exception because they were made by victims who had just experienced the stress of being assaulted. The fact that T.B. was able to speak in a relatively calm manner and did not "raise[] his voice," Def. Mot., ECF No. 60 at 1, has no bearing on the fact that he was under the stress of the attack he

had just experienced and provided information to assist first-responders without time for reflection or fabrication. *Boyd*, 237 F. App'x at 893. The statements are also "clearly non-testimonial" since their primary purpose was to secure emergency services for the police and medical personnel. *Laudermilt*, 576 F. App'x at 180.

### 2. Gov't Exhibit 8: The defendant's objection to the photo array video is moot.

The United States seeks only to introduce the portion of the video recording containing the photo array presentation. The defendant indicates he has no objection to this portion of the video. Def. Mot., ECF No. 60 at 3. Accordingly, the defendant's objection is moot.

### 3. Gov't Exhibit 12: The video clip of Mr. Pruden's lying about his address is relevant to show intent and identity.

In response to Investigator Wallingford's ministerial questions, the defendant falsely stated that he did not have an address. When police subsequently searched the defendant's apartment, they found a cannister of bear spray matching the cannister used in the charged assault.

The defendant asserts that the video showing the defendant concealing his address is irrelevant and will undercut the defendant's right to remain silent. Def. Mot., ECF No. 60 at 4. Importantly, the United States intends to show only the portion of the video in which the defendant made the false statement.

The test for relevance is whether information has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. False exculpatory statements made by the defendant are relevant because they are "evidence of a defendant's 'consciousness of guilt,' meaning the defendant knew he was doing something wrong or illegal, which bears on the issue of knowledge." *United States v. Ath*, 951 F.3d 179, 187 (4th Cir. 2020).

Here, the defendant's statement was designed to impede the discovery of inculpatory evidence. This is strong evidence of the defendant's consciousness of guilt and therefore makes it more probable that the defendant has been correctly identified as the assailant and did not act in self-defense. Moreover, the mere introduction of statements voluntarily made by the defendant does not "undercut Mr. Pruden's right to remain silent." Def. Mot., ECF No. 60 at 4. Rather, they show the jury that the defendant attempted to affirmatively conceal information that would assist law enforcement in solving this crime.

4. **Gov't Exhibit 19: The defendant's objection to the Be-On-The-Lookout Bulletin is moot.**

The United States no longer plans to admit Gov't Exhibit 19 in its case in chief. As a result, the Defendant's objection is moot.

## CONCLUSION

For the reasons stated above, the defendant's motion *in limine* should be denied.

        Respectfully Submitted,

        Raj Parekh
        Acting United States Attorney

By:         /s/
        Jacob M. Green
        Special Assistant United States Attorney
        Christopher R. Cooke
        Special Assistant United States Attorney
        Tony R. Roberts
        Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Office: (703) 299-3700
        Fax: (703) 299-3980
        Email: Jacob.green3@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                      /s/
Jacob M. Green
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: Jacob.green3@usdoj.gov